UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| ASATA D. LOWE EL, ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No.: 3:06-cv-435 |
| ) | (VARLAN/SHIRLEY) |
| WAYNE BRANDON, Warden, et al., ) | |
| ) | |
|    *Respondents*. ) | |

**MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondents, and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 6] will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE**.

Petitioner filed his habeas corpus petition on October 30, 2006, in the U.S. District Court for the Middle District of Tennessee, and it was transferred to this court on the same date. In the order requiring the respondent to respond to the habeas corpus petition, this court noted that petitioner's conviction became final in 2003. *State v. Lowe*, 2002 WL 31051631 (Tenn. Crim. App. September 16, 2002), *perm. app. denied, id.* (Tenn. February 3, 2003). The court also noted that, based upon documents submitted by petitioner, it appeared he had filed a state petition for post-conviction relief, which was dismissed by the trial court on

August 21, 2006, but that the record did not reflect the date on which the post-conviction petition was filed nor whether petitioner appealed the dismissal of his post-conviction petition.

The respondent moves to dismiss the habeas petition based upon petitioner's failure to exhaust his available state court remedies. In support of the motion to dismiss, the respondent has provided the court with a copy of an order from the Tennessee Court of Criminal Appeals, filed October 11, 2006, granting petitioner's motion to waive the filing of the notice of appeal and allowing petitioner to late-file an appeal from the denial of post-conviction relief. *Asata Lowe v. State*, No. E2006-02028-CCA-MR3-PC (Tenn. Crim. App. October 11, 2006) (attachment to motion to dismiss).

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1)(A). Petitioner's post-conviction petition remains pending in the state courts. Thus he cannot pursue habeas corpus relief in the federal court at this time.

The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED WITHOUT PREJUDICE**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal

from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
